**UNITED STATES DISTRICT COURT**
**District of New Jersey**

**CHAMBERS OF**
**JOSE L. LINARES**
**JUDGE**

**MARTIN LUTHER KING JR.**
**FEDERAL BUILDING & U.S. COURTHOUSE**
**50 WALNUT ST., ROOM 5054**
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

<u>LETTER OPINION</u>

February 7, 2007

Melvin R. Solomon, Esq.
Parsekian & Solomon, P.C.
140 Main Street
Hackensack, NJ 07601

Jafer Aftab, Esq.
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102

**Re:** <u>Butt v. United States Citizenship and Immigration Services</u>
   Civil Action No. 06-805 (JLL)

Dear Parties:

   Currently before the Court is Petitioner, Babar Mahmood Ali Butt's, petition for review of the denial of his application for naturalization, filed on February 17, 2006. Petitioner indicates that he was denied naturalization on June 28, 2005 based on a finding of poor moral character due to false testimony he gave concerning his prior arrest record. This denial was affirmed on October 25, 2005 following an administrative appeal hearing. Petitioner now asks this Court to review his petition pursuant to 8 U.S.C. § 1421(c). For the following reasons, the Court denies the instant petition.

**FACTUAL AND PROCEDURAL BACKGROUND**

   On August 17, 2004, Petitioner, a lawful permanent resident, filed an N-400 application for naturalization. (Resp. ¶ 1; Decl. of Jafer Aftab, Ex. B).[1]  Petitioner indicated on his

---

[1] "Compl." refers to Petitioner's Complaint filed on Feb. 17, 2006. Although Petitioner filed a Complaint, the exclusive remedy for Petitioner is a Petition for Judicial Review. <u>See</u> 8 C.F.R. § 336.9(a), (b).

1

application that he had never been "arrested, cited, or detained by any law enforcement officer" and that he had never been "charged with committing any crime or offense." (Decl. of Jafer Aftab, Ex. E). On October 19, 2004, the United States Citizenship and Immigration Services ("USCIS") discovered that Petitioner did in fact have an arrest record. (Resp. ¶ 2). In May 2002, Petitioner had been taken into police custody in Maywood, New Jersey and charged with simple assault. (Compl. ¶ 6; Resp. ¶ 1). The charges were later dismissed and no further criminal proceedings followed. (Compl. ¶ 6). On October 28, 2004, USCIS sent a letter to Petitioner notifying him that he had an arrest record and requesting that Petitioner bring a copy of his arrest record and court disposition to his interview. (Resp. ¶ 2).

On May 2, 2005, Petitioner appeared for examination of his naturalization application. (Compl. ¶ 2; Resp. ¶ 3). During the interview, the immigration officer, Lavinia Savini, orally examined Petitioner. (Resp. ¶ 3). The officer stated:

> I slowly, clearly, and methodically asked Mr. Butt most of the questions on the N-400, and specifically Questions 15 through 18, which relate to crime and arrest history. With respect to Question 16, I broke the question down into three parts, and asked Mr. Butt separately whether: (a) he had ever been arrested, (b) whether he had ever been cited and (c) whether he had ever been detained by any law enforcement officer. In response to my questions, Mr. Butt orally and distinctly responded 'no' to each question. I even went off script and asked him if he ever had any problems with the police. He still responded, 'no'.

(Decl. of Lavinia Savini ¶ 2-4).

Petitioner then signed a written statement, thus swearing to the veracity of his answers. (Resp. ¶ 4). In addition to the questions asked above, Petitioner also certified in this written statement that he never had "his fingerprints taken for any reason by a law enforcement officer" and never was "taken into custody by a law enforcement officer." (Decl. of Jafer Aftab, Ex. F). On June 2, 2005, Petitioner turned over the court disposition record to USCIS. (Resp. ¶ 4). On June 28, 2005, Respondent denied Petitioner's application for naturalization because he had provided false testimony to obtain an immigration benefit and therefore lacked good moral character. (Compl. ¶ 3; Resp. ¶ 4).

In July 2005, Petitioner requested a hearing to review the denial of his application. (Resp. ¶ 5). Petitioner asserted in an affidavit in support of his request that he was unfamiliar with the legal system of the United States and was unaware that he had been charged with a crime. (Compl. ¶ 7; Resp. ¶ 5). During his October 2005 interview with a senior immigration

---

"Resp." refers to Respondent's Response to Petition for Judicial Review of Administrative Denial of Petition for Naturalization filed on July 18, 2006. "Decl. of Jafer Aftab" refers to the Declaration of Jafer Aftab filed on July 18, 2006. "Decl. of Lavinia Savini" refers to the Declaration of Lavinia Savini filed on July 17, 2006.

officer, Petitioner stated that he had previously denied his arrest because he had forgotten about it. (Resp. ¶ 5). On October 25, 2005, an appeal hearing was held before a senior immigration officer at USCIS, at which time Respondent denied Petitioner's appeal and affirmed the denial of Petitioner's naturalization application. (Compl. ¶ 4; Resp. ¶ 6).[2] Petitioner then filed a Complaint seeking judicial review in this Court. (Compl. ¶ 11; Resp. ¶ 6).

## STANDARD OF REVIEW

This Court has jurisdiction to conduct a de novo review of the denial of Petitioner's application for naturalization pursuant to 8 U.S.C. § 1421(c). Under this statute:

> [a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a)[3] of this Title, may seek review of such denial before the United States District Court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the Petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c).

## LEGAL DISCUSSION

An alien seeking to obtain the privilege of United States citizenship bears a heavy burden of proof. Berenyi v. Dist. Dir., Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967) ("[I]t has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect."); Bagot v. Ashcroft, 398 F.3d 252, 256 (3d. Cir. 2005) ("The burden of proof of eligibility for citizenship is on the applicant."). Thus, an alien "bears the burden to show, by a preponderance of the evidence, that [he] is eligible in every respect to become a United States citizen." Plewa v. Immigration and Naturalization Service, 77 F. Supp. 2d 905, 909-10 (N.D. Ill. 1999). Any doubts "should be resolved in favor of the United States and against the claimant." United States v. Macintosh, 283 U.S. 605, 626 (1931); Bagot v. Ashcroft, 398 F.3d at 257.

An alien must meet the following requirements for naturalization:

> No person, except as otherwise provided in this title, shall be naturalized unless such applicant . . . during all the periods referred to in this subsection has been and still is a person of good moral

---

[2] Respondent does not dispute that Petitioner has exhausted his administrative remedies.

[3] Section 1447(a) of Title eight of the United States Code provides that "[i]f, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer."

3

>  character, attached to the principles of the Constitution of the
>  United States, and well disposed to the good order and happiness
>  of the United States.

8 U.S.C. § 1427(a). Additionally, the facts in this case implicate 8 U.S.C. § 1101(f)(6), which provides, in relevant part:

>  No person shall be regarded as, or found to be, a person of good
>  moral character who, during the period for which good moral
>  character is required to be established, is, or was . . one who has
>  given false testimony for the purpose of obtaining any benefits under
>  this Act.

Finally, 8 C.F.R. § 316.10(b) provides that:

>  An applicant shall be found to lack good moral character, if the
>  applicant . . . [h]as given false testimony to obtain any benefits
>  from the Act, if the testimony was made under oath or affirmation
>  and with an intent to obtain an immigration benefit; this
>  prohibition applies regardless of whether the information
>  provided in the false testimony was material, in the sense that if
>  given truthfully it would have rendered ineligible for benefits either
>  the applicant or the person on whose behalf the applicant sought
>  the benefit.

There is no requirement of materiality for false testimony given during the naturalization process. Kungys v. United States, 485 U.S. 759, 780 (1988). Nevertheless, the "lie" or "dishonesty" that gives rise to the false testimony must be made with the "subjective intent of obtaining immigration benefits." Id.

The issue in this case, therefore, is whether Petitioner has proven by a preponderance of the evidence that he did not give false testimony with the intent of obtaining an immigration benefit.

Courts frequently have denied naturalization to aliens who have provided false testimony. See Nguyen v. Monica, No. 3:CV-05-1321, 2006 WL 3437543, at *3 (M.D. Pa. Nov. 29, 2006) (denying plaintiff's application for naturalization because she falsely testified as to her prior arrest record, asserting "nervousness which caused her to forget"); see also In re Haniatakis, 376 F.2d 728, 731 (3d Cir. 1967) (upholding denial of naturalization of an alien who had falsely testified that she was not married, when, in fact, the woman was married to an alien who previously had been arrested for illegal entry into the United States); Del Guercio v. Pupko, 160 F.2d 799, 800 (9th Cir. 1947) (denying citizenship because alien falsely testified that she had never been arrested or charged despite having two prior convictions).

Conversely, courts have granted naturalization applications to aliens even after false

4

testimony, either because of mitigating circumstances such as reliance on erroneous advice from an immigration counselor, or because the alien established that he lacked the subjective intent of obtaining immigration benefits.  See Poka v. Immigration and Naturalization Service, No. 3:01CV1378, 2002 U.S. Dist. LEXIS 18157, at *12 (D. Conn. Sept. 24, 2002) (holding that plaintiff's limited knowledge of English prevented him from having the requisite intent of falsely testifying to obtain an immigration benefit); Plewa v. Immigration and Naturalization Service, 77 F. Supp. 2d at 913 (holding that plaintiff had good moral character even after he failed to disclose a prior arrest because plaintiff had relied on an immigration counselor's incorrect advice).

However, the Court finds no mitigating circumstances here that would warrant granting Petitioner's application for naturalization.  Petitioner initially claimed in his July 2005 affidavit in support of his appeal that he had forgotten about his May 2002 arrest.  (Decl. of Jafer Aftab, Ex. J).  Yet, the recency of the arrest, which occurred slightly more than three years earlier, makes it highly unlikely that Petitioner forgot about the incident.  Moreover, Respondent brought the arrest record to Petitioner's attention by sending him a letter in October 2004, before his interview, in order to alert Petitioner that Respondent was aware of the arrest.  Nonetheless, Petitioner repeatedly denied not only the arrest, but also even being detained or fingerprinted by police.  Even if Petitioner had forgotten about the arrest, it is highly unlikely that Petitioner would have also forgotten all of these events surrounding the arrest.

Petitioner also claimed in his Complaint that he was "unfamiliar with the legal system of the United States, and was unaware that he had been charged with a crime."  (Compl. ¶ 7-8).  However, before conducting the interview, Lavinia Savini, the immigration officer assigned to adjudicate Petitioner's naturalization application, "ensured that Mr. Butt understood English sufficiently well to understand [her] questions by going over the questions on the N-400."  (Id.)  According to Ms. Savini, Petitioner "understood English very well."  (Id.)  Moreover, Petitioner was given ample opportunity during his interview to ask questions about the United States' legal system with which he claims to be unfamiliar.  Instead, Petitioner asked for no clarifications and chose to deny ever being arrested, cited, fingerprinted, or detained by law enforcement.  Consequently, Petitioner has failed to meet his burden of proving that his false testimony and failure to disclose his arrest record do not evidence an intent to falsely testify in order to gain an immigration benefit.

Throughout the naturalization process, Petitioner carries a heavy burden of proof.  Petitioner has failed to meet his burden of proving by a preponderance of the evidence that he is eligible to become a United States citizen.  Petitioner has offered nothing more than bald, self-serving assertions that he forgot about his arrest and that he was so unfamiliar with this country's legal system that he was unaware that he had been charged with a crime.  He never mentioned this purported unfamiliarity until he filed the instant complaint.  Importantly, while Petitioner initially claimed that he had forgotten about the arrest, it was nearly seven months later that Petitioner asserted his second claim for relief, i.e., that he was unfamiliar with the legal system.

Additionally, the Court notes that not only did Petitioner falsely testify during his initial interview as to his prior arrest record, but he also admits to falsely testifying "that he had not

5

been in immigration proceedings when in fact he was in deportation hearings in 1991 before the Immigration Judge." (Compl. ¶ 9). Although Petitioner did disclose this information in 1995 on his I-485 application for adjustment of status, he claimed he "inadvertently answered" negatively during his interview because "[h]e had forgotten about this since it happened more than 14 years ago." (Id.) This additional false testimony further supports the Court's denial of the petition.

Therefore, the Court denies the petition for review because Petitioner does not meet the good moral character requirement for naturalization pursuant to 8 U.S.C. § 1427(a). An appropriate order accompanies this opinion.

/s/ Jose. L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE